# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (NORTHERN DIVISION)

| | | |
|---|---|---|
| **BRANDON CLUTE** | * | Civil Action No.: |
| 18 East Fort Avenue | * | |
| Baltimore, Maryland 21230 | * | |
| *Resident of Baltimore City* | * | Collective Action Claims |
| | * | |
| And | * | |
| | * | Class Action Claim |
| **RYAN SMITH** | * | |
| 18 East Fort Avenue | * | |
| Baltimore, Maryland 21230 | * | Jury Trial Requested |
| *Resident of Baltimore City* | * | |
| | * | |
| And | * | |
| | * | |
| **DIMITRIY VERNIK** | * | |
| 7044 Gentle Shade Road | * | |
| Columbia, Maryland 21046 | * | |
| *Resident of Howard County* | * | |
| | * | |
| And | * | |
| | * | |
| **DYLAN HALLSMITH** | * | |
| 4253 Fox Lake Drive | * | |
| Fairfax, Virginia 22033 | * | |
| *Resident of Fairfax County* | * | |
| | * | |
| And | * | |
| | * | |
| **CHRISTOPHER BRINKER** | * | |
| 7233 Carriage Hill Drive | * | |
| Laurel, Maryland 20707 | * | |
| *Resident of Howard County* | * | |
| | * | |
| And | * | |
| | * | |
| **KAITLIN SPURRIER** | * | |
| 1614 South Hanover Street | * | |
| Baltimore, Maryland 21230 | * | |
| *Resident of Baltimore City* | * | |
| | * | |
| And | * | |
| | * | |

| | |
|---|---|
| **SHAUN GREENWALD** | * |
| 8 Grosvenor Court | * |
| Reisterstown, Maryland 21136 | * |
| *Resident of Baltimore County* | * |
| | * |
| And | * |
| | * |
| **TREMAINE CRAYTON** | * |
| 1414 Village Oaks Court | * |
| Mt. Airy, Maryland 21771 | * |
| *Resident of Frederick County* | * |
| | * |
| And | * |
| | * |
| **ADAM TRADER** | * |
| 4719 Oglethorpe Street | * |
| Riverdale, Maryland 20737 | * |
| *Resident of Prince George's County* | * |
| | * |
| And | * |
| | * |
| **CHARLES GLATZ** | * |
| 671 Genessee Street | * |
| Annapolis, Maryland 21401 | * |
| *Resident of Anne Arundel County* | * |
| | * |
| And | * |
| | * |
| **JORDAN LEWIS** | * |
| 1155 Ripley Street | * |
| Apartment 1706 | * |
| Silver Spring, Maryland 20910 | * |
| *Resident of Montgomery County* | * |
| | * |
| And | * |
| | * |
| **MARLOWE ROGERS** | * |
| 1155 Ripley Street | * |
| Apartment 1706 | * |
| Silver Spring, Maryland 20910 | * |
| *Resident of Montgomery County* | * |
| | * |
| And | * |
| | * |
| **MYLES HARRIS** | * |
| 1035 West Barre Street | * |

| | |
|---|---|
| Baltimore, Maryland 21230 | * |
| *Resident of Baltimore City* | * |
| | * |
| And | * |
| | * |
| **EDWARD DENT** | * |
| 118 North Howard Street | * |
| Apartment 824 | * |
| Baltimore, Maryland 21201 | * |
| *Resident of Baltimore City* | * |
| | * |
| And | * |
| | * |
| **NICHOLAS SALEMO** | * |
| 403 North Upton Court | * |
| Arlington, Virginia 22203 | * |
| *Resident of Arlington County* | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| **NEWDAY FINANCIAL, LLC** | * |
| 8160 Maple Lawn Boulevard | * |
| Suite 300 | * |
| Fulton, Maryland 20759 | * |
| | * |
| Serve: Daniel E. Sykes, | * |
| Resident Agent | * |
| Rosen Hoover, P.A. | * |
| One Charles Center | * |
| 100 North Charles Street | * |
| Suite 1010 | * |
| Baltimore, Maryland 21201 | * |
| | * |
| Defendant. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **COMPLAINT FOR WAGES OWED**

Plaintiffs, BRANDON CLUTE, RYAN SMITH, DIMITRIY VERNIK, DYLAN HALLSMITH, CHRISTOPHER BRINKER, KAITLIN SPURRIER, SHAUN GREENWALD, TREMAINE CRAYTON, ADAM TRADER, CHARLES GLATZ, JORDAN LEWIS,

3

MARLOWE ROGERS, MYLES HARRIS, EDWARD DENT AND NICHOLAS SALEMO ("Plaintiffs"), by and through their attorneys, Joseph E. Spicer and The Law Offices of Peter T. Nicholl, hereby submit their Complaint against NEWDAY FINANCIAL, LLC, Defendant, to recover unpaid wages, liquidated damages, interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (hereinafter, "FLSA"); and unpaid wages, interest, reasonable attorneys' fees and costs under Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401, *et seq.* (hereinafter, "MWHL"): and unpaid wages, treble damages, interest, reasonable attorneys' fees and costs under the Maryland Wage Payment and Collection Law, Maryland Code Annotated, Labor and Employment Article §§ 3-501, *et seq.* (hereinafter, "MWPCL"), and in support thereof, state as follows:

## **INTRODUCTION AND BACKGROUND**

This matter stems from a common scheme devised by Defendant to avoid paying Plaintiffs and others similarly situated their wages owed. As described herein, Defendant is a private organization that is in the business of purchasing home loans, credit card debt and other types of loans. Defendant then attempts to convince those borrowers to refinance their higher rate or large quantity loans with Defendant. Defendant specifically targets and caters to veterans of branches of the United States military. Defendant's headquarters is located in Fulton, Maryland. Defendant hired Plaintiffs and other similarly situated employees to work as account executives. However, Defendant failed to compensate Plaintiffs and others for all hours worked.

The Defendant was able to complete these illegal acts by paying Plaintiffs under the guise of a salary. However, Plaintiffs' duties did not exempt them from the overtime requirements of the FLSA, MWHL or MWPCL. The Defendant willfully and intentionally misclassified

Plaintiffs as salaried employees for the purpose of not paying overtime compensation for all hours worked. Through this unlawful scheme, the Defendant willfully and intentionally evaded the payment of wages owed to Plaintiffs and others similarly situated.

## **THE PARTIES**

1. Plaintiff, Brandon Clute (hereinafter, "Clute" and/or "Plaintiff") and is an adult resident of Baltimore City.

2. Plaintiff, Ryan Smith (hereinafter, "Smith" and/or "Plaintiff") and is an adult resident of Baltimore County.

3. Plaintiff, Dimitriy Vernik (hereinafter, "Vernik" and/or "Plaintiff") and is an adult resident of Howard County.

4. Plaintiff, Dylan Hallsmith (hereinafter, "Hallsmith" and/or "Plaintiff") and is an adult resident of Fairfax County.

5. Plaintiff, Christopher Brinker (hereinafter, "Brinker" and/or "Plaintiff") and is an adult resident of Howard County.

6. Plaintiff, Kaitlin Spurrier (hereinafter, "Spurrier" and/or "Plaintiff") and is an adult resident of Baltimore City.

7. Plaintiff, Shaun Greenwald (hereinafter, "Greenwald" and/or "Plaintiff") and is an adult resident of Baltimore County.

8. Plaintiff, Tremaine Crayton (hereinafter, "Crayton" and/or "Plaintiff") and is an adult resident of Frederick County.

9. Plaintiff, Adam Trader (hereinafter, "Trader" and/or "Plaintiff") and is an adult resident of Prince George's County.

10. Plaintiff, Charles Glatz (hereinafter, "Glatz" and/or "Plaintiff") and is an adult resident of Anne Arundel County.

11. Plaintiff, Jordan Lewis (hereinafter, "Lewis" and/or "Plaintiff") and is an adult resident of Montgomery County.

12. Plaintiff, Marlowe Rogers (hereinafter, "Rogers" and/or "Plaintiff") and is an adult resident of Montgomery County.

13. Plaintiff, Myles Harris (hereinafter, "Harris" and/or "Plaintiff") and is an adult resident of Baltimore City.

14. Plaintiff, Edward Dent (hereinafter, "Dent" and/or "Plaintiff") and is an adult resident of Baltimore City.

15. Plaintiff, Nicholas Salemo (hereinafter, "Salemo" and/or "Plaintiff") and is an adult resident of Arlington County.

16. Defendant, NewDay Financial Services (hereinafter, "NewDay" and/or "Defendant") is a private organization that is in the business of refinancing mortgages and servicing loans. NewDay has its principal business office in Fulton, Maryland.

17. Due to the nature of its business, the Defendant is subject to the FLSA, MWHL and the MWPCL.

18. Due to the amount in revenue generated by Defendant, they are subject to the FLSA, MWHL and the MWPCL; the Defendant's annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

19. At all times relevant to this Complaint, Plaintiffs engaged in interstate commerce by the nature of their duties performed as part of their employment with the Defendant.

20. Plaintiffs worked for the Defendant, who, at all times throughout Plaintiffs' employment, fell within the purview of the term "employer" under the FLSA, 29 U.S.C. § 203(d), MWHL, § 3-401(b) and MWPCL § 3-501(b).

21. At all times relevant, Plaintiffs and others similarly situated worked as salaried employees for the Defendant, and would also receive a commission payment based on Plaintiffs' performance.

22. From approximately January, 2011 until approximately February, 2015, Plaintiff Clute worked for the Defendant as an account executive.

23. From approximately September, 2010 until approximately February, 2015, Plaintiff Smith worked for the Defendant as an account executive.

24. From approximately January 2014 until approximately June, 2016, Plaintiff Vernik worked for the Defendant as an account executive.

25. From approximately June, 2015 until approximately March, 2016, Plaintiff Hallsmith worked for the Defendant as an account executive.

26. From approximately October, 2012 until approximately October, 2015, Plaintiff Brinker worked for the Defendant as an account executive.

27. From approximately January, 2015 until approximately December, 2015, Plaintiff Spurrier worked for the Defendant as an account executive.

28. From approximately September, 2015 until approximately June, 2016, Plaintiff Greenwald worked for the Defendant as an account executive.

29. From approximately August, 2014 until approximately September, 2016, Plaintiff Crayton worked for the Defendant as an account executive.

30. From approximately August, 2015 until approximately October, 2016, Plaintiff Trader worked for the Defendant as an account executive.

31. From approximately June, 2014 until approximately November, 2016, Plaintiff Glatz worked for the Defendant as an account executive.

32. From approximately June, 2014 until approximately February, 2016, Plaintiff Lewis worked for the Defendant as an account executive.

33. From approximately January, 2015 until approximately October, 2016, Plaintiff Rogers worked for the Defendant as an account executive.

34. From approximately May, 2015 until approximately October, 2016, Plaintiff Harris worked for the Defendant as an account executive.

35. From approximately October, 2014 until approximately August, 2016, Plaintiff Dent worked for the Defendant as an account executive.

36. From approximately June, 2014 until approximately August, 2015, Plaintiff Salemo worked for the Defendant as an account executive.

37. At all times relevant to this Complaint, the Defendant controlled the administration of its business and set employee schedules, including that of Plaintiffs and other similarly situated employees.

38. The Defendant was actively engaged in the management and direction of Plaintiffs and others similarly situated.

39. The Defendant possessed and exercised authority to determine the hours worked by Plaintiffs and others similarly situated.

40. The Defendant had the authority to control Plaintiffs' tasks and the tasks of others similarly situated.

41. The Defendant had the power and authority to change the nature of the duties of Plaintiffs and others similarly situated.

42. Plaintiffs and other members of the putative class recognized Defendant's authority and obeyed Defendant's instructions.

43. The Defendant made all decisions relating to the rates and methods of pay of Plaintiffs and others similarly situated.

## JURISDICTION AND VENUE

44. Original jurisdiction in this Honorable Court is expressly provided by FLSA, 29 U.S.C. § 207, *et seq*. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331.

45. Pursuant to 28 U.S.C. § 1391 (b), venue is appropriate; the unlawful acts central to this matter occurred within the State of Maryland.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

46. Plaintiffs and others similarly situated were employed by the Defendant to work as account executives (hereinafter "executives") for NewDay. During the course of their employment, Plaintiffs and others similarly situated performed duties relating to the servicing of mortgages, customer communication and refinancing of existing loans.

47. Plaintiffs arrived at varying times depending on when they were going to begin their outgoing calls or receive their incoming calls for each workday.

48. Upon arrival at the office, Plaintiffs and others would proceed to their computer terminal, log in to their computer, and put on the headset they used to communicate with the prospective borrowers. The office space Plaintiffs and others occupied was essentially a call center.

49. Plaintiffs' primary duties were to make and receive telephone calls to and from borrowers that Defendant had targeted as having loans with high interest rates or a large quantity of debt.

50. Plaintiffs and others were required to use a company provided script, and were penalized if they said anything to the borrower that was not on the script. Defendant would routinely monitor Plaintiffs' calls to borrowers in order to supervise what was being said during the telephone conversations.

51. Plaintiffs and others were either provided with a list of names of borrowers, who had been targeted by Defendant, or received calls based on advertising campaigns that Defendant implemented throughout the country.

52. Upon successfully contacting a borrower, Plaintiffs and others would attempt to convince the borrower to refinance their existing debt with NewDay.

53. Plaintiffs and others were required to perform a certain quantity of tasks each workday, which consistently resulted in Plaintiffs and others working hours beyond forty (40) each workweek.

54. None of this additional time worked by Plaintiffs was ever paid at the appropriate overtime pay rate of one and one-half (1.5) Plaintiffs regular rate of pay.

55. All fifteen (15) Plaintiffs and others were paid a base salary.

56. Additional compensation was earned by Plaintiffs based on a commission system implemented by Defendant. This commission system involved the quantity of debt Plaintiffs were able to secure for Defendant during a customer interaction.

57. All fifteen (15) Plaintiffs and others duties were virtually identical.

58. Plaintiffs and others did not have the authority to produce schedules for other employees.

59. Plaintiffs and others did not take part in the process of interviewing prospective employees.

60. Plaintiffs and others had no discretion in the performance of their duties.

61. Plaintiffs and others exercised no control, nor did they have the authority to do so, over Defendant's management policies.

62. Plaintiffs and others exercised no independent judgment over matters of significance.

63. For the duration of their employment, Plaintiffs and others performed no analysis.

64. Plaintiffs and others did not supervise other employees.

65. Plaintiffs and others did not have the authority to hire or fire other employees.

66. Plaintiffs and others did not interpret any information.

67. Plaintiffs and others did not write any reports.

68. Plaintiffs and others made no recommendations.

69. Plaintiffs and others had no discretion in performing any of their assigned tasks.

70. Plaintiffs satisfied the requirements of their job and adequately performed their duties to benefit Defendant.

71. The Defendant enacted the practices discussed above in order to evade both Federal and Maryland wage laws. These practices directly resulted in Plaintiffs and others similarly situated not being paid overtime wages.

72. There is no bona fide dispute that Plaintiffs and others similarly situated are owed overtime wages for hours worked over forty (40) in a workweek. The Defendant, acting in bad

faith, withheld these overtime wages. At no time did Plaintiffs' duties include work that would make him exempt from the FLSA, MWHL and the MWPCL provisions requiring that they be paid overtime wages. There is no justifiable basis for Plaintiffs and others being identified as salaried employees.

73. The nature of Plaintiffs' duties did not excuse the Defendant from paying Plaintiffs and others overtime pay ("time-and-a-half") for hours worked in excess of forty (40) in a workweek.

74. Plaintiffs' responsibilities as account executives did not require an advanced degree or specialized intellectual instruction or study.

75. Plaintiffs and others retained no discretion in performing any of their assigned duties.

76. The Defendant knew that Plaintiffs and others similarly situated customarily worked over forty (40) hours per week and suffered and/or permitted Plaintiffs and others similarly situated to work these overtime hours.

77. Due to the nature of Plaintiffs' duties, the Defendant required Plaintiffs to work more than forty (40) hours per workweek.

78. Consequently, Plaintiffs seek the wages they are entitled to and other available relief through this complaint.

79. The Defendants knew that Plaintiffs were not compensated for overtime for all hours worked.

80. The Defendant was well aware of the overtime hours worked by Plaintiff.

81. Defendant controlled and supervised the work that Plaintiff performed.

82. Defendant permitted Plaintiffs to work more than forty (40) hours per week and failed to fully compensate Plaintiffs for working these additional hours.

## FLSA COLLECTIVE ACTION ALLEGATIONS

83. The Defendant employed Plaintiffs and others similarly situated to work as account executives.

84. The FLSA requires employers to compensate employees such as Plaintiffs and others similarly situated wages reflecting the federal minimum wage rate for each hour worked and overtime wages for hours worked over forty (40) within a single workweek.

85. The Defendant knew that Plaintiffs and other similarly situated employees typically and customarily worked over forty (40) hours per week and suffered or permitted Plaintiffs and others similarly situated to work more than forty (40) hours per week.

86. The Defendant knew, or should have known, that Plaintiffs and those similarly situated were entitled to their regular rate of pay for each hour of work and overtime payments for hours worked in excess of forty (40) in a workweek.

87. Pursuant to the FLSA, Plaintiffs commence this collective action against the Defendant on behalf of themselves and those similarly situated for the payment of wages owed for all hours worked and an overtime rate of not less than one and a half (1.5) times their regular rates of pay.

88. Plaintiffs consent to be party plaintiffs in this matter; Plaintiffs' consent forms are attached to this complaint as Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, Exhibit H, Exhibit I, Exhibit J, Exhibit K, Exhibit L, Exhibit M, Exhibit N, Exhibit O. It is likely that other individuals will join Plaintiffs during the litigation of this matter and file written consents to "opt in" to this collective action.

89. There are numerous similarly situated current and former employees of the Defendant that have been harmed by the Defendant's common scheme to underpay its employees and violate the FLSA.

90. These similarly situated persons are known to the Defendant and are readily identifiable through the Defendant's records.

91. Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

92. Upon information and belief, others will choose to join Plaintiffs in this action and opt in to this lawsuit to recover unpaid wages and other available relief.

## **CLASS ACTION ALLEGATIONS UNDER MARYLAND WAGE LAWS**

93. Plaintiffs bring this action Pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and other current and former employees that served as account executives for the Defendant and were subject to the following practices and policies:

94. Denial of overtime wages under MWHL for hours worked over forty (40) in a single workweek.

95. Plaintiffs are members of the proposed class they seek to represent.

96. The claims alleged by Plaintiffs are typical of the claims of the proposed class members.

97. The potential members of the class are sufficiently numerous that joinder of all class members is impractical.

98. There are questions of law and fact common to the class that predominates over any questions exclusive to the individual class members.

99. Counsel for the proposed class is qualified in litigating MWHL class actions and other complex litigation matters; furthermore, counsel is capable of providing adequate representation for all members of the proposed class.

100. A class action is superior to other available methods for the fair and efficient adjudication of this case and will serve to promote judicial economy to the benefit of this Court, as well as the involved parties.

## **CAUSES OF ACTION AND VIOLATIONS OF LAW**

### **Count I. Violation of the FLSA: Failure to Pay Overtime Wages**

101. Plaintiffs hereby fully incorporate in this Count all allegations contained within Plaintiffs' Complaint.

102. Plaintiffs are entitled to overtime under 29 U.S.C. § 207(a), which provides that employers must compensate their employees for hours worked in excess of forty (40) in a workweek at a rate of not less than one and one-half (1.5) times the regular rate at which they are employed.

103. As described above, Plaintiffs have not received from the Defendant compensation reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week; the Defendant failed to compensate Plaintiffs for these additional hours.

104. The Defendant willfully and intentionally failed to compensate Plaintiffs for the overtime wages they are owed. There is no bona fide dispute that Plaintiffs are owed overtime wages for work performed for the Defendant.

105. Under the FLSA, Plaintiffs are entitled to additional wages from the Defendant to compensate them for hours worked in a workweek in excess of forty (40) at a rate of one and one-half (1.5) times Plaintiffs' regular hourly wage rate.

15

### Count II. Violation of MWHL: Failure to Pay Overtime Wages

106. Plaintiffs hereby fully incorporate in this Count all allegations contained within Plaintiffs' Complaint.

107. Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate; furthermore, pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

108. Plaintiffs have not received compensation from the Defendant reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

109. The Defendant willfully and intentionally did not compensate Plaintiffs for the overtime wages they were owed. There is no bona fide dispute that Plaintiffs are owed overtime wages for work performed for the Defendant.

110. Under MWHL, Plaintiffs are entitled to additional wages from the Defendant for all overtime hours worked at a rate of one and one-half (1.5) times Plaintiffs' regular hourly wage rate.

### Count III. Violation of the MWCPL: Failure to Pay Wages Owed

111. Plaintiffs hereby fully incorporate in this Count all allegations contained within Plaintiffs' Complaint.

112. Plaintiffs are entitled to wages under the Maryland Wage Payment Collection Law, Labor and Employment §§3-501 *et. seq.*, which provides that each employer shall pay an employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid the wages.

113. In accordance with §3-505(a), Plaintiffs have not received compensation from the Defendant for all wages owed for work performed before the termination of their employment.

114. The Defendant willfully and intentionally did not compensate Plaintiffs for the wages owed to them and continued to violate the MWPCL, even after Plaintiffs informed the Defendant of the violation.

115. Under the MWPCL, there is no bona fide dispute that Plaintiffs are owed wages for work performed while employed by the Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, pray for the following relief:

a) Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated;

b) Designation of this action as a class action on behalf of Plaintiffs and all members of the proposed class;

c) Judgment against the Defendant for their failure to pay Plaintiffs and those similarly situated in accordance with the standards set forth by the FLSA;

d) Judgment against the Defendant for their failure to pay Plaintiffs and those similarly situated in accordance with the standards set forth by MWHL;

e) An award against the Defendant for the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and a half (1.5) times Plaintiffs' regular hourly rate for all overtime hours worked, to Plaintiffs and those similarly situated;

f) An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiffs and those similarly situated;

g) An award of reasonable attorneys' fees and all costs, plus interest, to be satisfied in full by the Defendant;

h) Leave to add additional plaintiffs, opt-in or party, through the filing of consent forms; and

i) All further relief deemed just and equitable by this Honorable Court.

**<u>REQUEST FOR JURY TRIAL</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiffs and those similarly situated.

Respectfully submitted,

_____/s/_____
Joseph Spicer, Esquire #27839
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201
Telephone No.: (410) 244-7005
Fax No.: (410) 244-8454
E-mail: jspicer@nicholllaw.com
Attorney for Plaintiffs